STATE of Utah, Plaintiff and Respondent,

v.

**Richard I. CINTRON, Defendant and Appellant.**

**No. 19149.**

Supreme Court of Utah.

March 7, 1984.

Joseph C. Fratto, Jr., Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

On appeal from jury verdicts of burglary and robbery,[1] defendant urges 1) misconduct of his accomplice's counsel in suggesting that defendant's "alibi" witness may have been the accomplice, 2) insufficiency of the evidence, and 3) error in requiring answer as to a previous misdemeanor conviction.

Defendant was tried with an alleged accomplice, one Joe Price. In argument, Price's attorney suggested that defendant's alibi witness may have been the accomplice. This is well within the permissible area in which counsel legitimately can analyze and comment in his argument to a jury.[2]

As to the second issue put on appeal, i.e., insufficiency of the evidence, the following properly admitted evidence was adduced at trial. At 3:00 a.m. on July 26, 1982, the victim was awakened and turned on the kitchen lights, went to the back door, and looked out on the well-lit porch. There he saw a "Spanish-looking" young man, who had come to the house three times before, once to obtain gas for his car and twice just "to talk." The victim would not let the young man in the house. A second, blond man kicked the door open, knocking the victim down, and then jumped on his back and head. The victim also received a severe cut from a knife carried by his assailant. The victim heard the man say "Rick," which could have been a reference to the defendant, whose first name was Richard.

After the police were notified, they apprehended defendant from the description given. The victim's brother-in-law also identified the defendant as one who came to his home for gas the same day the latter sought gas from the victim, a few houses away. On the day of arrest, the defendant quickly was identified as the burglar in a lineup. No objection is made to the composition of the lineup. The jury did not respond favorably to the defendant's alibi evidence and he was convicted.

The other point raised on appeal, i.e., error in requiring the defendant to answer as to conviction of a prior "misdemeanor," was based on the interdiction in Rule 21, Utah Rules of Evidence. That rule provides as follows:

> Evidence of the conviction of a witness for a crime not involving dishonesty or false statement shall be inadmissible for the purpose of impairing his credibility, except as otherwise provided by statute.

The misdemeanor to which the defendant had to answer was a conviction in a justice of the peace court for theft. The only "otherwise" statute adverted to in the Rule is that requiring answer to a prior commission of felony. Therefore, the only conviction for misdemeanor that would be admissible to test credibility would be one "involving dishonesty or false statement." The prosecution correctly contends that impliedly theft is admissible since it obviously involves "dishonesty." There was no error in requiring the defendant to answer the question.

The judgments and verdicts are affirmed.

OAKS, J., concurs in the result.

---

1. In violation of U.C.A., 1953, §§ 76-6-203 and 76-6-302.

2. *State v. Kazda*, Utah, 540 P.2d 949 (1975).