**STATE of Utah, Plaintiff and Respondent.**

v.

**Boyd Donald BAGLEY, Defendant and Appellant.**

**No. 19284.**

Supreme Court of Utah.

April 26, 1984.

Kenneth L. Rothey, Midvale, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Roger S. Bloylock, Deputy Co. Atty., Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

Boyd Bagley was tried without a jury in the Third Judicial District in Salt Lake County. He was convicted of burglary, theft and filing a false report. Bagley appeals, claiming that the evidence was insufficient to support his conviction and that a sheriff officer's in-court identification of him was inadmissible. We affirm.

Near midnight on September 19, 1982, sheriff officer Dave Smith was patrolling the area of 3100 East and 3300 South in Salt Lake City. As he passed a Rainbo gas station, he noticed a white Ford Courier pickup truck parked near the station office. Smith next noticed that a window had been broken in the office and that a male Caucasian was inside, apparently removing items from a cooler located along a wall. Officer Smith drove into the station and parked his car in front of the white pickup truck. As he was getting out of his car, he saw the man leave the building and begin to walk toward the driver's side of the pickup truck. How much light there was is unknown, but Smith testified that he was approximately 20 feet from the suspect and could see him clearly. Smith drew his service revolver and ordered the man to stop. The man continued moving toward the vehicle, stating repeatedly, "Don't shoot me, don't shoot me." As the man entered the truck, Smith approached its passenger side and noticed a second person sitting there. He reached inside, grabbed the passenger and continued to order the man to halt. The man slowly backed the truck away from the car with Smith continuing to hold onto the passenger and to demand that the driver stop. The truck was then driven away from the gas station. Smith somehow became caught on the truck and was slightly injured as the truck drove away. He nevertheless managed to shoot at the right truck tires as it drove off.

Smith returned to his patrol car and radioed the description of the truck to police dispatch. Minutes later, Smith learned of an accident some four blocks away involving a white pickup truck matching the description of the getaway truck. Smith drove to the scene of the accident and there met a second officer. The officer showed Smith a driver's license, which had been found in the pickup truck. The license contained a picture of Bagley, whom Smith identified as the individual he had seen and ordered to halt just minutes ago at the Rainbo station. Two hours later, at the police station, Smith made a second positive identification of Bagley's photograph as being that of the individual at the station.

On the following afternoon, Smith was in the Metropolitan Hall of Justice on other business. Bagley had come to the police station to report that his truck had been stolen. Smith noticed Detective Bringhurst talking to Bagley although he did not immediately recognize Bagley as the person from the previous evening. Detective Bringhurst went to Smith and asked him if he could identify the individual in his office. Smith testified at trial that at that time he had not slept for 36 hours and that initially he was unable to make a positive identification of Bagley. Smith left briefly to conduct other business on the floor and returned to Detective Bringhurst's office about twenty minutes later. Smith then observed Bagley and listened to his voice as he was being questioned. After having this second opportunity to observe Bagley and after hearing his voice, Smith was able to make an in-person positive identification of Bagley as the Rainbo burglar and getaway driver.

On appeal, Bagley argues that there was insufficient evidence to identify him as the individual at the Rainbo gas station. The test of review for sufficiency of the evidence is well-established in this Court.

"Contradictory testimony alone is not sufficient to disturb a jury verdict. To overturn a verdict on appeal for insufficiency of evidence, this Court must find that reasonable minds must necessarily entertain a reasonable doubt as to defendant's guilt." *State v. Watts*, Utah, 675 P.2d 566, 568 (1983); *State v. Petree*, Utah, 659 P.2d 443, 444 (1983). It is not our function to determine the credibility of conflicting evidence or the reasonable inferences to be drawn therefrom. *Watts, supra.*

 We find the record to contain sufficient evidence to identify, beyond a reasonable doubt, Bagley as the burglar and getaway driver at the Rainbo station. Smith's inability to immediately identify Bagley at the police station can be reasonably explained by his lack of sleep at the time. Most importantly, his momentary lapse does not diminish the accuracy of his prior identifications. Minutes after the burglary Smith identified the getaway truck at the scene of the accident. The truck was subsequently determined to belong to Bagley. At the accident scene Smith also identified the person whose photograph appeared on Bagley's driver's license as the burglar. Only two hours later he did so again.

Furthermore, Bagley's own claim that his truck had been stolen was refuted by Detective Bringhurst's testimony. Bringhurst testified that Bagley told him that at night he always left his wallet and one set of keys in his truck and in the morning used his spare key to get back in. However, at the scene of the accident the police found two ignition keys to the truck on its front seat. When Bagley's girlfriend attempted to retrieve the truck from the impound lot, she confirmed that these two were the only keys to it. Thus, even if Bagley's account of his parking practices had been believed by the trial judge, the presence at the scene of the accident of the only two keys to the truck, including the spare key that Bagley stated he kept in his possession, was highly persuasive in placing Bagley at the scene and refuting his claim that his truck had been stolen. Furthermore, the alibi evidence offered by Bagley and several of his friends was vague, self-contradictory and unconvincing. We hold that there was sufficient evidence to convict Bagley of burglary, theft and filing a false report.

 Bagley also attempts to argue that Smith's in-court identification of him as the burglar was the result of what he characterizes as the "suggestive" prior encounter in Bringhurst's office and thus should have been inadmissible. Bagley, however, failed to object to Smith's identification either before or during trial. We therefore will not review this claim. Utah R.Evid. 103(a)(1); *State v. Malmrose*, Utah, 649 P.2d 56, 58 (1982).

Affirmed.

HALL, C.J., and OAKS, STEWART and HOWE, JJ., concur.