STATE of Utah, Plaintiff and Appellee,

v.

James Devon LANIER, Defendant and Appellant.

No. 880101.

Supreme Court of Utah.

July 31, 1989.

Joan C. Watt, Richard G. Uday, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Sandra L. Sjogren, Salt Lake City, for plaintiff and appellee.

DURHAM, Justice:

Defendant James Devon Lanier appeals from his jury conviction of aggravated robbery, a first degree felony. Utah Code Ann. § 76–6–302 (1978). The sole issue is whether it was harmless error to permit the admission of evidence of defendant's previous convictions for burglary and robbery pursuant to rule 609, Utah Rules of Evidence. We hold that the error was prejudicial and therefore reverse.

On June 20, 1986, the G.E.M. Music Store was robbed at gunpoint. On June 23, 1986, Mr. Martinez, the store's owner, who was the only store employee present at the time of the robbery, was shown a photo spread consisting of six photographs. At that time, Mr. Martinez identified, with "90 percent certainty," a man other than defendant as the perpetrator. A few days later, Mr. Martinez positively identified defendant's picture from a larger group of photographs as the man who had entered the store and robbed him at gunpoint. On July 9, 1986, Debbie Alder was arrested and charged in connection with the robbery. She was shown a photo spread and named defendant as an accomplice. At trial, both Mr. Martinez and Ms. Alder identified defendant as the perpetrator of the robbery, although Ms. Alder's testimony was somewhat confusing. The implication was created on cross-examination that she knew that he was out of town at the time she was arrested and that she may have had a motive to protect another man. Further, Ms. Alder denied actually giving defendant's name to the police, an assertion which was not explained at trial.

The trial court denied defendant's pretrial motion to suppress evidence of his prior robbery and burglary convictions, finding the evidence admissible under rule 609(a)(1) and (2) of the Utah Rules of Evidence. As a result of this ruling, defendant decided not to take the stand so as to avoid the introduction of his prior convictions. He was thus not able to present evidence to the effect that he was out of the state at the time of the robbery. The jury convicted defendant on the charge of aggravated robbery.

This case was tried on June 30 and July 1, 1987, prior to our decision in *State v. Gentry*, 747 P.2d 1032 (Utah 1987), and is reviewable on appeal. *Id.* at 1036.[1]

Defendant's criminal record included 1977 and 1978 convictions of second degree burglary and a 1981 conviction of robbery. The trial court denied defendant's motion to suppress on the ground that crimes involving stealing are inherently crimes of dishonesty and as such are admissible under rule 609(a)(2).

Utah rule 609(a) provides:

(a) *General rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

This question was recently addressed in *State v. Bruce*, 779 P.2d 646 (Utah 1989). That case involved evidence of prior convictions of retail theft and attempted burglary. We held that the evidence should not have been admitted under rule 609:

[T]he trial court erroneously admitted defendant's prior convictions under rule 609(a)(2). His stealing-type crimes of retail theft and attempted burglary are not crimes of "dishonesty or false statement" within the meaning of rule 609(a)(2) unless, as discussed, they were committed by fraudulent or deceitful means bearing directly on the accused's likelihood to testify truthfully. There is no evidence of that. Our decision in *State v. Cintron* [680 P.2d 33 (Utah

---

1. Our holding in *State v. Gentry*, 747 P.2d 1032 (Utah 1987), that a defendant must testify to preserve his claim under rule 609 for appeal was applied prospectively only.

1984)], decided under former rule 21, must be restricted to interpreting that rule and is not authority for interpreting present rule 609(a).

*Id.*, 779 P.2d at 653.

█ The holding of *Bruce* is dispositive of the evidentiary question in this case. Defendant Lanier's prior convictions of robbery and second degree burglary are not crimes of "dishonesty or false statement" within the meaning of rule 609(a)(2), unless, as we cautioned in *Bruce*, "they were committed by fraudulent or deceitful means bearing directly on the accused's likelihood to testify truthfully." *Id.*

█ Therefore, we determine whether it was harmless error to deny defendant's motion to suppress evidence of his prior convictions. The test for harmless error in cases involving an erroneous failure to exclude prior convictions is whether, absent the error, there was a reasonable likelihood of a more favorable result for defendant. *State v. Knight,* 734 P.2d 913, 919 (Utah 1987); *State v. Verde,* 770 P.2d 116, 122 (Utah 1989); *see also State v. Bruce,* 779 P.2d 646 (Utah 1989); *State v. Gentry,* 747 P.2d 1032, 1038 (Utah 1987); *State v. Banner,* 717 P.2d 1325, 1335 (Utah 1986) (citing *State v. Fontana,* 680 P.2d 1042, 1048 (Utah 1984)); Utah R.Crim.P. 30; Utah R.Evid. 103(a).

█ The evidence of defendant's guilt in this case was far from overwhelming. One of the State's witnesses failed to identify defendant's photograph only three days after the crime. The other witness was involved in the robbery and had questionable motives for identifying him. Because the trial court ruled that evidence of prior convictions was admissible, defendant chose not to testify. The testimony of defendant could have been critical to the case, especially since it might have provided him with an alibi.

We dealt with the importance of proposed alibi evidence in *State v. Banner,* 717 P.2d 1325, 1335 (Utah 1986), where the defendant also had an alibi defense which was not pursued after the motion to suppress was denied. There, the State relied primarily on two witnesses, one of whom was involved in the robbery. This Court reversed the defendant's conviction, finding that "[a]fter review of the record, we are not convinced that had defendant testified, the outcome in this case would necessarily have been the same." *Id.* at 1335.

We are likewise not convinced in this case that the outcome would necessarily have been the same if defendant had testified. Thus, we reverse and remand this case to the trial court for a new trial.

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.