2000 UT App 344

STATE of Utah, Plaintiff and Appellee,

v.

Jimmy L. CRAVENS, Defendant and Appellant.

No. 20000015–CA.

Court of Appeals of Utah.

Dec. 7, 2000.

Clayton A. Simms, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

Joy E. Onton, District County Attorney's Office, Salt Lake City, for Appellee.

Before BILLINGS, ORME, and THORNE, JJ.

## OPINION

THORNE, Judge:

¶ 1 Defendant Jimmy Lloyd Cravens appeals from convictions for Threatening With or Using a Dangerous Weapon in a Fight or Quarrel, a Class A Misdemeanor, in violation of Utah Code Ann. § 76–10–506 (1995), and Threats Against Life or Property, a Class B Misdemeanor, in violation of Utah Code Ann. § 76–5–107 (1995). We affirm.

## BACKGROUND

¶ 2 On December 17, 1997, defendant arrived at Diane Dominguez's apartment looking for his wife Rita Cravens. Defendant knocked on Ms. Dominguez's door and demanded to see Ms. Cravens. Defendant was searching for Ms. Cravens because he was angry at her for an earlier argument between Ms. Cravens and defendant's girlfriend. Ms. Dominguez opened the door and told defendant that Ms. Cravens was not in the apartment.[1] In response, defendant told Ms. Dominguez "Don't lie I know she's in there." Defendant, who was brandishing a

15 to 18 inch club, then added, "Tell that bitch to get out here or I'm going to kill you and everyone who is in there."

¶ 3 Ms. Dominguez told defendant to leave. Defendant did not leave, but became angry and began pushing on Ms. Dominguez's door, at which time Ms. Dominguez threatened to call the police. During this commotion, Ms. Cravens came to the door and was quickly pulled outside by defendant. Defendant pushed Ms. Cravens against a wall and raised the club toward her in a threatening manner. Ms. Dominguez called the police, but defendant fled before their arrival. Defendant was later arrested and charged with Threatening With or Using a Dangerous Weapon in a Fight or Quarrel, in violation of Utah Code Ann. § 76–10–506 (1995), and Threats Against Life or Property, in violation of Utah Code Ann. § 76–5–107 (1995).

¶ 4 Defendant did not request a jury trial, but rather, requested a bench trial. Due to a previous and unrelated conviction for burglary, defendant was held for trial in the present matter at the Utah State Prison. As a result, the trial court arranged for defendant's transportation to the courthouse from the prison. After transport from the prison, bailiffs and prison personnel escorted defendant into the courtroom. Defendant was handcuffed and shackled, wearing an orange Utah State Prison jumpsuit. Neither defendant's counsel nor the trial court commented on defendant's attire.

¶ 5 Defendant took the witness stand in his own defense, and testified that he "knocked on [Ms. Dominguez's] door, came back down the stairs and stood out by [Ms. Dominguez's] balcony and asked for [Ms. Cravens]." Defendant then testified that Ms. Dominguez and Ms. Cravens "c[a]me out [Ms. Dominguez's] door and like I'm sixty feet away from them." On rebuttal, however, Ms. Dominguez directly refuted defendant's testimony regarding the existence of the balcony, as well as the distance defendant stood from the two women. Ms. Dominguez testified that defendant was approximately

---

1. Ms. Cravens was in fact in the apartment, but Ms. Dominguez, fearing for Ms. Cravens's safety, told defendant otherwise.

four to five feet away from them, as opposed to sixty feet.

¶ 6 While cross-examining defendant, the State inquired whether defendant had any prior felony convictions. The question arose, in large part, because defendant appeared in prison clothes. Defendant's counsel questioned the relevance. The State explained that "the fact that [defendant] appeared today in prison uniform that [sic] we can basically make the presumption that he has at least a felony conviction here." The court allowed the questioning and explained that

Whether he is in prison is not admissible. That evidence wouldn't be relevant. But if he'd been convicted of a felony it may. I suppose there's a possibility he's in prison but on a Class A misdemeanor. A person who is to serve a year's commitment can opt to serve that time in prison. But the fact he is in prison I think would establish a good faith basis so if you want to ask about felony convictions, I'll permit it.

¶ 7 Defendant testified that he had prior felony convictions for burglary and armed robbery, and that he was currently in prison for the burglary conviction. Defendant also testified that the armed robbery conviction was more than ten years old. The trial court informed defendant that he was not required to respond to questions concerning the armed robbery conviction. The State did not inquire into the specifics of defendant's burglary conviction.

¶ 8 At the conclusion of trial, defendant requested that the court "disregard the references to [defendant's] felony convictions in the closing arguments." The court informed the parties that it would consider the burglary conviction "only as it may bear on the credibility of [defendant's] testimony here in Court today." The court proceeded to find the defendant guilty of both charges. Defendant timely appealed.

## ANALYSIS

¶ 9 Defendant argues on appeal that (1) the trial court erred by admitting evidence of defendant's prior burglary conviction at trial; (2) the trial court erred by not requiring a waiver by defendant to appear at trial in prison clothes; and (3) the State's evidence is insufficient to sustain defendant's convictions. We address defendant's claims in the order presented.

A. Utah Rule of Evidence 609

■ ¶ 10 Defendant alleges the trial court erred by admitting evidence of defendant's prior burglary conviction at trial. Utah Rule of Evidence 609 governs the admissibility of an accused's prior criminal convictions. In pertinent part, Rule 609 states

(1) [E]vidence that an accused has been convicted of . . . a crime [punishable by death or imprisonment in excess of one year under the law] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

Utah R. Evid. 609(a)(1), (2).

¶ 11 In *State v. Banner*, 717 P.2d 1325 (Utah 1986), the Utah Supreme Court articulated four factors that a trial court should consider "when balancing probative value against prejudicial effect pursuant to Rule 609(a)(1)." *Id.* at 1334. Of significance to the present matter is the *Banner* factor addressing the "nature of the crime, as bearing on the character for veracity of the witness." *Id.* The Utah Supreme Court has also explained that "prior convictions of robbery or second degree burglary are not crimes of 'dishonesty or false statement' within the meaning of Rule 609(a)(2), unless . . . 'they were committed by fraudulent or deceitful means bearing on the accused's likelihood to testify truthfully.'" *State v. Lanier*, 778 P.2d 9, 11 (Utah 1989) (quoting *State v. Bruce*, 779 P.2d 646, 653 (Utah 1989)).

¶ 12 In the present matter, defendant's previous felony conviction was for burglary. At trial, the State presented no evidence that defendant committed the burglary by fraudulent or deceitful means. Accordingly, the nature of defendant's prior conviction for burglary neither has any bearing on defen-

dant's veracity as a witness, nor is such a conviction admissible under Rule 609(a)(2). In fact, we are unable to discern any probative value that defendant's burglary conviction might have on the present matter. *See* Utah R. Evid. 609(a)(1). The trial court, therefore, erred by not clearly denying the admission of defendant's burglary conviction at trial.

¶ 13 However, such a determination does not end our inquiry. We must determine if such error warrants reversal. "The test for harmless error in cases involving an erroneous failure to exclude prior convictions is whether, absent the error, there was a reasonable likelihood of a more favorable result for defendant." *Lanier*, 778 P.2d at 11. From the record before us, we conclude that there is no such likelihood.

¶ 14 First, we are uncertain to what degree, if any, the trial court actually considered defendant's burglary conviction in reaching its decision. As previously explained, the trial court merely stated that it would "consider [defendant's burglary conviction] only as it *may* bear on the credibility of [defendant's] testimony here in Court today." (Emphasis added.) The trial court provided no indication that we can glean from the record that it did in fact consider defendant's burglary conviction.

¶ 15 Second, abundant evidence exists in the record to support defendant's convictions despite the trial court's possible consideration of defendant's prior burglary conviction. As previously stated, the State provided testimony from Diane Dominguez that defendant threatened to kill Ms. Dominguez and the others in the apartment and that defendant threatened Ms. Cravens with a club. Defendant, in contrast, testified that he merely shouted at the two women while they were standing on Ms. Dominguez's balcony some sixty feet away, notwithstanding Ms. Dominguez's testimony that defendant was actually four to five feet away and that her apartment does not have a balcony. Such testimony clearly supports defendant's convictions. Therefore, even if the trial court considered defendant's burglary conviction, it was harmless error because " 'there is no reasonable likelihood that the error affect- ed the outcome of the proceedings.' " *State v. Hamilton*, 827 P.2d 232, 240 (Utah 1992) (citation omitted).

### B. Defendant's Presence at Trial in Prison Clothes

¶ 16 Defendant alleges that the trial court committed reversible error by not requiring a waiver by defendant to appear at trial in prison clothes. Defendant relies on *State v. Bennett*, 2000 UT 34, 999 P.2d 1, to support his argument. In *Bennett*, the court explained that

> "a trial judge should on his own initiative inquire of a defendant whether he wishes to waive his right not to appear in prison clothes so that the record affirmatively shows an intelligent and conscious waiver by the defendant if the defendant chooses to stand trial in prison clothes."

*Id.* at ¶ 3 (quoting *Chess v. Smith*, 617 P.2d 341, 345 (Utah 1980)). The trial court's failure to do so "mandates reversal of [defendant's] conviction." *Id.* The grave concern expressed in both *Bennett* and *Chess* is that " '[t]he prejudicial effect that flows from a defendant's appearing *before a jury* in identifiable prison garb is not measurable, and it is so potentially prejudicial as to create a substantial risk of fundamental unfairness in a criminal trial.' " *Id.* (emphasis added) (quoting *Chess*, 617 P.2d at 344).

¶ 17 In the present matter, defendant's reliance on *Bennett* is misplaced. Defendant elected to forego a jury trial, to which he was clearly entitled. Defendant's choice is not without consequence. As aptly explained by the Michigan Court of Appeals,

> the underlying rationale in all of these [jury trial] cases was that defendant's presumption of innocence would be unduly prejudiced *before the jury* if defendant was forced to be tried in prison garb. No such prejudicial effect could be shown in this case, *tried before a judge.*

*People v. Daniels*, 163 Mich.App. 703, 415 N.W.2d 282, 285 (1987) (emphasis added); *cf. State v. Featherson*, 781 P.2d 424, 431 (Utah 1989) ("the judge in a bench trial, . . . acting as a trier of fact, is presumably less likely than a jury to be prejudiced by evidence of

prior crimes, wrongs, or acts"). The trial court undoubtedly knew that defendant was in prison. The trial court was responsible for arranging transportation to and from the prison. Ultimately, defendant's orange jumpsuit conveyed no information not already known to the court. If defendant wanted a trier of fact who was insulated from such knowledge, he should have requested a jury trial. He did not. Quite simply, the rationale behind the Utah Supreme Court's decision in *Bennett* cannot logically be applied to bench trials. Accordingly, we find no error on the part of the trial court in failing to require a waiver as to defendant's appearance at trial in prison clothes.

### C. Sufficiency of Evidence

¶ 18 Defendant alleges that the State's evidence was insufficient to support his convictions. " 'When reviewing a bench trial for sufficiency of evidence, we must sustain the trial court's judgment unless it is "against the clear weight of the evidence...." ' " *State v. Reed*, 839 P.2d 878, 879 (Utah Ct.App.1992) (citations omitted). Furthermore, "it is the province of the trier of fact[, in this case the trial court,] to determine which testimony and facts to believe and what inferences to draw from those facts." *Id.* at 879 (citing *State v. Bagley*, 681 P.2d 1242, 1244 (Utah 1984)).

¶ 19 In the present matter, the State offered the testimony of Diane Dominguez.

Ms. Dominguez testified that (1) defendant came to her apartment looking for Ms. Cravens; (2) defendant threatened to kill Ms. Dominguez and everyone in Ms. Dominguez's apartment when she refused to produce Ms. Cravens; and (3) Ms. Dominguez saw defendant threaten Ms. Cravens with a club. Furthermore, Ms. Dominguez directly refuted defendant's testimony regarding the balcony and the distance between defendant and the two women during the confrontation. Defendant also admitted that he went to Ms. Dominguez's apartment looking for Ms. Cravens, and that he was angry with Ms. Cravens because of an earlier incident involving defendant's girlfriend.

¶ 20 Reviewing the record before us, ample evidence exists to support defendant's convictions. Defendant's convictions for Threatening With or Using a Dangerous Weapon in a Fight or Quarrel and Threats Against Life or Property are affirmed.

¶ 21 WE CONCUR: JUDITH M. BILLINGS, Judge, GREGORY K. ORME, Judge.