**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

Opinion Number:  2010-NMSC-033

Filing Date: June 24, 2010

Docket No. 31,785

**CITY OF SANTA FE**,

>       **Plaintiff-Appellant,**

**v.**

**MARCOS MARTINEZ**,

>       **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

R. Alfred Walker
Santa Fe, NM

for Appellant

Robert E. Tangora, L.L.C,
Robert E. Tangora
Santa Fe, NM

for Appellee

**OPINION**

**SERNA, Justice.**

**{1}**      Marcos Martinez (Defendant) was convicted in municipal court of aggravated driving while intoxicated (DWI), contrary to Santa Fe City Code, Section 12-6-12.1 (2007). Pursuant to Rule 8-703 NMRA, Defendant appealed to the district court.  In the district court, Defendant moved to dismiss the charges based on a violation of the misdemeanor arrest rule and, in the alternative, moved to suppress any evidence obtained as a result of the warrantless search of Defendant's home.  After an evidentiary hearing, the district court ruled that Defendant's arrest was unlawful, based on a violation of the misdemeanor arrest rule, and dismissed the aggravated DWI charge.  The City of Santa Fe ("City") appealed to

1

this Court raising one issue: whether the district court erred when it held that Defendant's arrest violated the misdemeanor arrest rule. We hold the misdemeanor arrest rule does not apply to DWI investigations. Accordingly, we reverse.

## I. FACTUAL BACKGROUND AND PROCEEDINGS BELOW

{2}     On December 22, 2007, Santa Fe City Police Sergeant Troy Baker responded to a call from a DeVargas Mall employee, who had observed a man staggering around the mall parking lot and attempting to unlock several different vans. The man eventually unlocked the door to a van and drove away. The employee provided the police with a description of the van, as well as the van's license plate number. After the police dispatch provided the van's registered owner's address, Sergeant Baker went to the residence and observed a van that matched the employee's description in the driveway. Sergeant Baker touched the engine compartment and felt that it was warm. Sergeant Baker then knocked on the front door of the residence and, through the door's glass pane, saw Defendant emerge from an inner room, stagger past the doorway and strike his head on the wall next to the door, causing him to fall on his hands and knees. Defendant stood up and walked back into the room from which he had emerged. Sergeant Baker knocked on the door a second time, and Defendant again staggered to the door and fell once again. From a seated position, Defendant reached up and unlocked the door. Sergeant Baker entered the residence and asked Defendant who had been driving the van. Defendant replied that "he had been driving it earlier." Sergeant Baker observed that Defendant had a very strong odor of alcohol on his breath, slurred speech, blood-shot watery eyes, and was unsteady on his feet. Sergeant Baker placed Defendant under arrest for DWI, and Defendant refused to take a breath test. Defendant was charged for aggravated DWI in municipal court.

{3}     City filed a motion in limine in municipal court, seeking a ruling that Sergeant Baker had lawfully arrested Defendant. City argued the "in presence" requirement of the misdemeanor arrest rule had been met and, in the alternative, Sergeant Baker's interaction with Defendant was an investigatory stop, rendering the misdemeanor arrest rule inapplicable under *State v. Ochoa*, 2008-NMSC-023, 143 N.M. 749, 182 P.3d 130. Defendant responded and filed a motion to suppress evidence based on (1) a violation of the misdemeanor arrest rule and (2) a violation the Fourth Amendment to the United States Constitution and Article II, Section 10 of the New Mexico Constitution. The municipal court denied Defendant's motion, and after the subsequent bench trial, found Defendant guilty of aggravated DWI. Defendant appealed his conviction to the district court.

{4}     In the district court, Defendant filed a motion to dismiss based on a violation of the misdemeanor arrest rule and, in the alternative, moved to suppress evidence based on the same constitutional violations he asserted in municipal court. After an evidentiary hearing, the district court found Sergeant Baker's arrest of Defendant unlawful based on a violation of the misdemeanor arrest rule, and dismissed Defendant's aggravated DWI charge. The district court did not address whether the arrest was constitutionally valid under either the Fourth Amendment to the United States Constitution or Article II, Section 10 of the New

Mexico Constitution. City appeals the district court's dismissal to this Court pursuant to NMSA 1978, Section 35-15-11 (1959).

## II. DISCUSSION

### A. Standard of Review

**{5}** "Whether the [lower court] properly relied on the misdemeanor arrest rule requires interpretation of established case law. The application and interpretation of law is subject to a de novo review." *Ochoa*, 2008-NMSC-023, ¶ 10.

### B. Warrantless Arrests

**{6}** At common law, there are two distinct rules pertaining to warrantless arrests—one for suspected felons and the other for suspected misdemeanants. When a police officer suspects an individual of committing a felony,"[t]he usual rule is that a police officer may arrest without warrant one believed by the officer upon reasonable cause to have been guilty of a felony." *Carroll v. United States.*, 267 U.S. 132, 156 (1925). On the other hand, an officer "may only arrest without a warrant one guilty of a misdemeanor if committed in his presence." *Id.* at 156-157.

### C. The Misdemeanor Arrest Rule in New Mexico

**{7}** New Mexico's "misdemeanor arrest rule is a holdover from the common law distinction between warrantless arrests for felonies and for misdemeanors." *Ochoa*, 2008-NMSC-023, ¶ 11. Although the "in presence" requirement of the rule remained intact, "[o]ver time, the . . . rule has been further limited by both the legislature and the courts." *Ochoa*, 2008-NMSC-023, ¶ 12 (citing NMSA 1978, § 66-8-125(B) (1978) (permitting officers in specific circumstances to make warrantless arrests if the officer has reasonable grounds based on personal investigation that may include information from eyewitnesses)); *see also* NMSA 1978 § 31-1-7(A) (1995) (allowing warrantless arrests for domestic disturbances); *State v. Lyon*, 103 N.M. 305, 309, 706 P.2d 516, 520 (Ct. App. 1985) (allowing for a police-team exception to the "in the presence requirement" of the misdemeanor arrest rule); *State v. Marquez*, 103 N.M. 265, 267, 705 P.2d 170, 172 (Ct. App. 1985) (same).

**{8}** Our Court of Appeals has addressed in several opinions the "in the presence requirement" of the misdemeanor arrest rule, specifically in the DWI context. *See State v. Reger*, No. 28,900, slip op. (N.M. Ct. App. May 11, 2010); *State v. Greyeyes*, 105 N.M. 549, 552, 734 P.2d 789, 782 (Ct. App. 1987), *cert. denied*, 105 N.M. 521, 734 P.2d 761 (1987); *State v. Boone*, No. 8,093, mem. op. (N.M. Ct. App. Sept. 12, 1985), *aff'd in part and rev'd in part*, 105 N.M. 223, 731 P.2d 366 (1986). Those cases, though not explicitly, created a practical exception to the "in the presence requirement," holding that the misdemeanor of DWI occurred in the arresting officer's presence—even where the officer "did not personally

3

see the defendant drink alcohol or actually operate his [vehicle]"—under circumstances where the officer's perceptions at the scene gave him probable cause to suspect that a DWI had occurred. *Greyeyes*, 105 N.M. 549, 551-52, 734 P.2d 789, 791-92; *see also Reger*, No. 28,900, slip op. at 5.

{9}     However, no opinion of this Court has directly answered the question of whether the misdemeanor arrest rule ought to apply to DWI investigations.  As we noted recently, this Court in *Boone v. State*, 105 N.M. 223, 731 P.2d 366 (1986), essentially sidestepped the issue by importing "actual physical control" into the definition of "drives" in our DWI statute because of a "disinclination to alter the common law rule prohibiting warrantless misdemeanor arrests when the misdemeanor does not occur in the presence of the arresting officer." *See State v. Sims*, 2010-NMSC-027 at 11 (N.M. Sup. Ct. June 8, 2010).

{10}     We must decide if an application of the misdemeanor arrest rule is appropriate given the circumstances or if we should create an exception.  Specifically, we must determine if the misdemeanor arrest rule, with its "in the presence" requirement, is appropriate for the investigations of DWI cases.  For the reasons that follow, we hold that it is not.

### D.     The Misdemeanor Arrest Rule Does Not Apply to DWI Cases

{11}     The misdemeanor arrest rule was "developed . . . during a period when. . . arrests were made by private citizens, when bail for felonies was usually unattainable . . . when years might pass before the royal judges arrived for a jail delivery," and when "a prisoner had an excellent chance of dying of disease before trial." *Cave*, 48 N.M. at 484, 152 P.2d at 890.  Thus, "the original purpose of the [misdemeanor arrest] rule was to minimize the harm historically associated with lengthy custodial detentions for minor crimes." *Ochoa*, 2008-NMSC-023, ¶ 12. Although the continued viability of the misdemeanor arrest rule has been questioned generally, *see Cave*, 48 N.M. at 483-84, 152 P.2d at 890, we conclude that DWI investigations, in particular, fall outside the original purpose of the rule.

{12}     Under the common law rules for warrantless arrests, there is an inherent balance between public safety and a suspect's constitutional rights.  Because felonies are a greater concern with respect to public safety, officers are granted more latitude when conducting investigations of such crimes. *See Carroll*, 267 U.S. at 157 ("[T]he reason for arrest without warrant on a reliable report of a felony was because the public safety and the due apprehension of criminals charged with heinous offenses required that such arrests should be made at once without [a] warrant.").  Conversely, since less severe crimes (misdemeanors) do not threaten public safety to the level of felonies, a warrantless arrest of a suspected misdemeanant cannot be made unless the arresting officer personally observes the offense.  Thus, we examine the crime of DWI in order to determine how police officers may investigate such crimes.

{13}     The crime of DWI as defined by our Legislature is not a "minor crime" as contemplated by the misdemeanor arrest rule.  The United States Supreme Court has noted

4

that "[n]o one can seriously dispute the magnitude of the drunken driving problem or the States' interest in eradicating it. Media reports of alcohol-related death and mutilation on the Nation's roads are legion." *Mich. Dep't of State Police v. Sitz*, 496 U.S. 444, 451 (1990). Also, this Court in *State v. Harrison* stated:

> the public's interest in deterring individuals from driving while intoxicated is compelling. This is due to the dangers of the practice, not only to those who operate the motor vehicles while under the influence, but also to those innocent individuals who are injured or killed as a result of DWI accidents.

115 N.M. 73, 77, 846 P.2d 1082, 1086 (Ct. App. 1992). Given the compelling public interest in eradicating DWI occurrences and the potentially deadly consequences, the crime of DWI should be treated as a felony for purposes of warrantless arrests.

**{14}** Additionally, our legislative scheme of delineating the crime of DWI should not affect an officer's ability to make warrantless arrests. By design, the crime of DWI in New Mexico can be either a misdemeanor or a felony depending on the number of prior convictions of the offender. For the first three convictions, the charge of DWI carries with it a punishment classification of a misdemeanor. NMSA 1978, Section 66-8-102 (E)-(F) (1953, as amended through 2007). Upon a fourth or subsequent conviction thereafter, an offender is guilty of a felony. Section 66-8-102 (G)-(J). Although a DWI offender who has had less than three convictions would only be guilty of a misdemeanor, such a classification makes no difference in the severity of the offense's consequences, nor does it dilute the public's concern; a first DWI or subsequent offense can have the same deadly results as a fourth offense. Further, an officer investigating a DWI may not be privy to the suspect's criminal record and thus, may not know if he or she is investigating a misdemeanor or a felony. Thus, law enforcement officers conducting DWI investigations should not be hindered by the "in the presence" requirement of the misdemeanor arrest rule, and should only be subjected to the constitutional probable cause inquiry of felony warrantless arrests.

**{15}** Also, given the time-sensitive nature of the evidence inherent in DWI investigations, the requirement that an officer observe the offense in order to make a warrantless arrest would seriously hinder such investigations and would make it very difficult for subsequent prosecutions. In addressing the issue of whether an arrest was valid under Section 66-8-125, a statute that allows for a warrantless arrest of person who is at the scene of a motor vehicle accident, this Court in *City of Las Cruces v. Sanchez* stated:

> We believe, however, that limiting officers' authority to arrest under Section 66-8-125, by prohibiting the arrest of an individual who is removed from the scene of the accident before officers arrive to investigate, would be inconsistent with the legislative intent of the statute. The ineffectual result of such a limitation is especially pernicious in DWI investigations. Because evidence of intoxication fades over time, officers must promptly locate and investigate an individual suspected of DWI. If officers are required to

5

encounter an individual at the scene of an accident for an arrest to be valid under Section 66-8-125, then the officers' authority to arrest without a warrant would be defeated by an individual's mere absence from the scene prior to the investigating officers' arrival. This would create the added delay of requiring a warrant for the individual's arrest and would provide an intoxicated individual with a potential means of avoiding a DWI charge where the added delay of obtaining a warrant allows evidence of the individual's level of intoxication at the time of driving to dissipate. Such a limitation would provide an intoxicated individual with an enticing incentive to flee.

2009-NMSC-026, ¶ 15, 146 N.M. 315, 210 P.3d 212. The same rationale applies in this situation. If an officer was prohibited from making a warrantless arrest of a suspected drunk driver based on the fact that the officer did not actually observe the incident, the officer would be posed with two options—releasing the suspected drunk driver or obtaining a warrant. If the officer chose to pursue the investigation and obtain a warrant, the evidence needed for the subsequent prosecution could be diluted or lost entirely. In addition to the effect on the evidence, there is also a risk that during the time period in which the officer is obtaining a warrant, a suspect may get into his or her car and drive away, endangering both himself or herself and the public at large. Such a risk is untenable given the strong public interest in deterring the crime of DWI. Thus, "[r]equiring an officer to . . . observe the violation would be superfluous." *Ochoa*, 2008-NMSC-023, ¶ 15.

**{16}** For the foregoing reasons, we hold that the misdemeanor arrest rule does not apply to DWI investigations and, accordingly, an investigating officer need not observe the offense in order to make a warrantless arrest. Instead, the warrantless arrest of one suspected of committing DWI is valid when supported by both probable cause and exigent circumstances. *See State v. Johnson*, 1998-NMCA-019, ¶ 10, 124 N.M. 647, 954 P.2d 79 (interpreting Article II, Section 10 of the New Mexico Constitution to require warrantless arrests for suspected felons to be supported by both probable cause and exigent circumstances).

## III.   CONCLUSION

**{17}** The district court erred when it found that Defendant's arrest was invalid due to a violation of the misdemeanor arrest rule. We reverse the district court's dismissal and remand to the district court for a determination of whether Defendant's warrantless arrest was supported by both probable cause and exigent circumstances.

**{18}   IT IS SO ORDERED**.

_____

**PATRICIO M. SERNA, Justice**

**WE CONCUR:**

6

_____

**CHARLES W. DANIELS, Chief Justice**


_____

**PETRA JIMENEZ MAES, Justice**


_____

**RICHARD C. BOSSON, Justice**


_____

**EDWARD L. CHÁVEZ, Justice**


**Topic Index for** *City of Santa Fe v. Martinez***, Docket No. 31,785**

| | |
|---|---|
| **CL** | **CRIMINAL LAW** |
| CL-DG | Driving While Intoxicated |
| CL-MS | Misdemeanor |
| CL-MH | Motor Vehicle Violations |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-AT | Arrest |
| CA-AE | Arrest Warrant |
| CA-PA | Probable Cause |
| CA-WA | Warrantless Arrest |