This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                                           **No. 30,258**

**MARK TEX GILLIGAN,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Caren I. Friedman
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant appeals his conviction for first offense driving while intoxicated (DWI). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. After due consideration, we affirm.

**Arrest**

In this appeal, Defendant has argued that he was arrested without probable cause and that the arrest violated the misdemeanor-arrest rule. Our calendar notice treated these two issues together because we believe that they relate to the same evidence. The misdemeanor-arrest rule requires that the offense be committed in the officer's presence to justify a warrantless arrest for its violation. *See State v. Ochoa*, 2008-NMSC-023, ¶ 11, 143 N.M. 749, 182 P.3d 130. Subsequent to our calendar notice, the Supreme Court abolished the misdemeanor-arrest rule for purposes of analyzing the validity of a warrantless arrest for DWI. *City of Santa Fe v. Martinez*, 2010-NMSC-033, ¶ 16, ___ N.M. ___, ___ P.3d ___. "Instead, the warrantless arrest of one suspected of committing DWI is valid when supported by both probable cause and exigent circumstances." *Id.*

"Probable cause exists when the facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, are sufficient to warrant a man of reasonable caution to believe that an offense has been, or is being, committed." *State v. Duffy*, 1998-NMSC-014, ¶ 69, 126 N.M. 132, 967 P.2d 807 (internal quotation marks and citation omitted).

We will not overturn the district court's ruling on a motion to suppress if it is supported by substantial evidence. *State v. Galloway*, 116 N.M. 8, 9, 859 P.2d 476,

477 (Ct. App. 1993), *misapplication of federal law recognized in State v. Cardenas-Alvarez*, 2001-NMSC-017, ¶ 9, 130 N.M. 386, 25 P.3d 225 (recognizing misapplication of federal law, but acknowledging *Galloway* as "sound approach" under New Mexico Constitution). In making this determination, we review the facts in the light most favorable to the district court's ruling. *Id.* Nevertheless, we conduct a de novo review on the ultimate issue concerning the reasonableness of an alleged constitutional violation. *State v. Flores*, 1996-NMCA-059, ¶ 6, 122 N.M. 84, 920 P.2d 1038.

In *State v. Reger*, 2010-NMCA-056, ___ N.M. ___, 236 P.3d 654, this Court recently reviewed the type of evidence that could be relied on by an officer investigating a suspected DWI where an officer encounters an intoxicated individual outside of their vehicle. Even where an officer has not personally observed the defendant drink alcohol or actually operate the vehicle, the officer may nonetheless rely on his personal perceptions, including "observation of the circumstances surrounding the presence of the defendant and the vehicle, observation and smells evidencing the defendant's intoxication, and hearing what the defendant and others say." *Id.* ¶ 16; *see State v. Greyeyes*, 105 N.M. 549, 551-52, 734 P.2d 789, 791-92 (Ct. App. 1987).

Here, Sergeant Renn observed a white pick-up truck traveling above the speed limit, but he did not elect to initiate a stop. [MIO 1] He then received a dispatch indicating that a vehicle matching that description had recently left a bar, with the driver suspected of being intoxicated. [MIO 1] Sergeant Renn located the truck after it had come to a stop. [MIO 1-2] Although nobody was specifically identified as the driver and Defendant was seated in the passenger seat, Defendant informed Officer Gomez that he was the driver, or at least this can rationally be inferred by Defendant's comments. [MIO 3] Officer Gomez testified that Defendant exhibited signs of intoxication. [MIO 2] Officer Gomez also testified that Defendant told him that Defendant was driving the vehicle 100% of the time. [MIO 3]

In light of the totality-of-circumstances approach inherent to the probable cause analysis, we conclude that there was substantial evidence to support the district court's ruling denying the motion to suppress. Of particular note is Sergeant Renn's observation of the vehicle being driven, Defendant's admission to being the driver, and Defendant's signs of intoxication. We also conclude that there were exigent circumstances to support the arrest. *See Martinez*, 2010-NMSC-033, ¶ 15 (noting inherent exigencies that justify abolishing misdemeanor-arrest rule).

**Miranda**

Defendant also continues to argue that he should have received *Miranda* warnings prior to being questioned. [MIO 14] In order to establish that an individual is in custody for *Miranda* purposes, there must be a showing that the individual "lacks the freedom to leave to an extent equal to formal arrest" and is "in an isolated environment completely controlled by law enforcement officials." *State v. Javier M.*, 2001-NMSC-030, ¶ 18, 131 N.M. 1, 33 P.3d 1 (internal quotation marks and citation omitted).

Defendant has not provided an adequate factual description of the statements at issue to establish that the district court erred in denying his motion. The district court concluded that the statements to Officer Gomez were made "without being questioned." [RP 110-11] In addition, we note that questions during traffic stops do not amount to "custodial" interrogation for purposes of Miranda, even though the individual is seized and cannot leave. *State v. Sanchez*, 2001-NMCA-109, ¶ 22, 131 N.M. 355, 36 P.3d 446 (applying this rationale in the context of a DWI investigation). Because some of the statements do appear to have taken place after Defendant was taken into custody, i.e., transported to the police station and processed, he would undoubtedly be entitled to *Miranda* warnings at that time. However, the district court determined that Defendant had received the *Miranda* warnings at the police station.

[RP 111]  In other words, the district court determined that, to the extent statements were made at the station, Defendant knowingly, intelligently, and voluntarily waived his constitutional rights under *Miranda. See State v. Barrera*, 2001-NMSC-014, ¶ 22, 130 N.M. 227, 22 P.3d 1177.  In the absence of a specific factual showing rebutting the district court's determination that the statements were either made in the absence of questioning, prior to custodial interrogation, or made voluntarily after being mirandized, we conclude that Defendant has not established that the district court erred in denying his motion.  See *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (noting that there is a presumption of correctness in the rulings or decisions of the district court and the party claiming error bears the burden of showing such error).

For the reasons stated in this opinion, we affirm.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**