This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                          NO.   32,106

**RAYMOND HOOGERHUIS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela-Shepherd, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Raymond Hoogerhuis (Defendant) appeals his conviction for DWI (second). Defendant was found guilty in the metropolitan court and, following appeal to the district court, his conviction was affirmed. We proposed to affirm in a calendar notice, and Defendant has responded with a memorandum in opposition and a motion to amend his docketing statement. We have carefully considered Defendant's arguments, but we find them unpersuasive. We affirm Defendant's conviction. We deny the motion to amend the docketing statement.

In his docketing statement, Defendant argued that the evidence should have been suppressed based on a "violation of the misdemeanor arrest rule" where there was no justification for a police team exception, and failure to suppress the evidence violated due process. In his memorandum in opposition, Defendant argues that applying the new rule announced by the Supreme Court in *City of Santa Fe v. Martinez*, 2010-NMSC-033, ¶ 16, 148 N.M. 708, 242 P.3d 275, amounts to a "wholesale excision of all DWI misdemeanors" from the misdemeanor arrest rule, and such an action was not "reasonably foreseeable." [MIO 18] Defendant claims that "retroactive application" of the Supreme Court case "unfairly eliminated his trial defense[.]" [MIO 22] Based on our review of the record, Defendant did not make these arguments below. Defendant states that the Supreme Court's new rule was announced in late June 2010. [MIO 20] Defendant filed his statement of issues in the

district court on July 27, 2010, the same day that the *Martinez* opinion was filed. In the State's response to the statement of issues, it relied on *Martinez* to say that the Supreme Court decided that the misdemeanor arrest rule does not apply in DWI cases and, almost one and one-half years later, the district court issued its opinion, also relying on *Martinez*. Although Defendant was aware of the Supreme Court's decision weeks before he filed his statement of issues, he did not alert the district court to the arguments he now makes on appeal—that the Supreme Court's decision was not "reasonably foreseeable" and cannot be retroactively applied. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (explaining that, in order to preserve an issue for appeal, the defendant must make an objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon); *see also State v. Gomez*, 1997-NMSC-006, ¶ 23, 122 N.M. 777, 932 P.2d 1 (holding that, when a party asserts a state constitutional right that has not been interpreted differently than its federal analog, the party must assert in the trial court the reasons why the New Mexico constitutional provision should be interpreted more broadly than its federal counterpart). Therefore, we do not address these issues.

Defendant moves to amend his docketing statement to add a claim that his trial counsel and prior appellate counsel were ineffective for failing to challenge the traffic stop based on lack of reasonable suspicion. *See State v. Moore*, 109 N.M. 119,

3

128-29, 782 P.2d 91, 100-101 (Ct. App. 1989), *superseded by rule as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991) (requiring that argument in support of an issue included in an amendment to the docketing statement must be viable).

Defendant claims that the officer did not have reasonable suspicion to stop Defendant in the first place. "A reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual, the one detained, is breaking, or has broken, the law." *State v. Rivas*, 2007-NMCA-020, ¶ 7, 141 N.M. 87, 150 P.3d 1037 (internal quotation marks and citation omitted). "Reasonable suspicion must be based on specific articulable facts and the rational inferences that may be drawn from those facts." *State v. Flores*, 1996-NMCA-059, ¶ 7, 122 N.M. 84, 920 P.3d 1038. Here, the officer saw a car blocking a traffic lane on Central Avenue. The officer did not know if anyone was in the car. He decided to investigate, but before he could turn around, Defendant got into the car and drove. Defendant ended up driving behind the officer. The officer stopped Defendant as he turned off Central Avenue and onto a street that was one block from where the officer first observed the car. Defendant argues that, once the officer saw Defendant get in and drive away, the vehicle was no longer obstructing traffic, and all that remained was the officer's curiosity as to why the car was obstructing a lane of traffic. We disagree with

Defendant's view of the situation. The facts show that the officer, patrolling at 3:00 a.m., saw a car that was parked illegally, blocking a lane on a major street. The officer saw Defendant get into the car, start the car, and drive away. Under these circumstances, the officer could reasonably infer that Defendant was the one that parked the car illegally. Based on all of the facts known to the officer and on the reasonable inferences to be drawn from those facts, the officer had reasonable suspicion that Defendant had broken the law. To the extent that Defendant relies on his own version of the events to say that he was not the person that parked the car, that was contrary evidence which the fact finder would have been free to reject. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Defendant's argument is not viable. We therefore deny the motion to amend the docketing statement.

Based on our discussions in this Opinion and in our calendar notice, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**


_____

**J. MILES HANISEE, Judge**