This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                          **NO. 32,009**

**JOSEPH QUINTANA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Reed S. Sheppard, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Santa Fe, NM
Geoffrey D. Scovil, Contract Appellate Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant appeals from the district court's order affirming his conviction in metropolitan court for one count of driving while intoxicated (DWI). [RP 78] This Court issued a notice of proposed summary disposition proposing to affirm, and Defendant has filed a timely memorandum in opposition to the proposed summary affirmance. After considering the arguments raised in Defendant's memorandum in opposition, we remain unpersuaded and therefore affirm his conviction.

As his first and second issues, Defendant claimed that the metropolitan ("trial") court erred in denying his motion to suppress because Officer Endzel lacked reasonable suspicion for the traffic stop and because Officer Endzel's professed reason for stopping Defendant was pretextual. [DS 5-6] In our notice of proposed disposition, we reviewed the evidence introduced before the trial court. We then proposed to hold that the officer had reasonable suspicion that Defendant was committing the crime of obstructing traffic, and he was therefore justified in stopping Defendant. We also proposed to hold that the stop was not pretextual.

In his memorandum in opposition, Defendant fails to rebut the observations and analysis contained in our notice of proposed summary disposition but instead makes a cursory claim that his trial counsel was somehow ineffective in failing to challenge the evidence. [MIO 2] However, Defendant acknowledges that any potential

2

ineffective claims are not supported by the record, and thus we do not consider them. [MIO 2] *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 (stating that "[w]ithout a record, we cannot consider [the d]efendant's claim of ineffective assistance of counsel on direct appeal").

As his third issue, Defendant claimed in his docketing statement that the DWI investigation by Officer Carr was illegal because it did not fall within the police team exception to the misdemeanor arrest rule. [DS 7] We proposed to affirm because the misdemeanor arrest rule is no longer applicable to an arrest for suspected DWI, and thus there is no need to consider whether the officers' conduct fell with the police team exception to that rule. *See City of Santa Fe v. Martinez*, 2010-NMSC-033, ¶ 15, 148 N.M. 708, 242 P.3d 275 (noting inherent exigencies that justify abolishing misdemeanor arrest rule in cases of suspected DWI).

In his memorandum in opposition, Defendant claims that *Martinez* should not apply because in this case there were no exigent circumstances surrounding the investigation of Defendant for suspected DWI. [MIO 2-3] He claims that Officer Endzel could have conducted the DWI investigation because he was certified to do so and because Officer Endzel had no other pressing business. [MIO 2-3] He further claims that Officer Endzel could have performed the requisite investigation more quickly than waiting for a second officer to arrive and take over the investigation.

[MIO 3]

We are unpersuaded that Defendant's representations warrant a departure from *Martinez*. We note that there is nothing in the *Martinez* opinion to suggest that the Supreme Court only intended to abolish the midemeanor arrest rule in DWI investigations if the officer who initially makes the stop is somehow precluded from conducting the DWI investigation. To the contrary, the inherent exigencies presented in an investigation for suspected DWI are neither lessened nor negated merely because the officer who initially makes the stop is capable of performing the DWI investigation. *Cf. id.* ¶ 13 (noting that the crime of DWI as defined by the Legislature is not a "minor crime" and "[g]iven the compelling public interest in eradicating DWI occurrences and the potentially deadly consequences, the crime of DWI should be treated as a felony for purposes of warrantless arrests").

Based upon the foregoing and for the reasons set forth in our notice of proposed summary disposition, we affirm Defendant's conviction for DWI.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**


_____
**MICHAEL E. VIGIL, Judge**