This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 32,270**

**JOVANNAH FERNANDEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant appeals from the district court's judgment in an on-record metropolitan court appeal, affirming her sentencing order that convicted her for first offense DWI and speeding. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response and remain unpersuaded. We therefore affirm.

Defendant raises two issues on appeal. First, she argues that the officer lacked reasonable suspicion to expand the traffic stop into a DWI investigation, which turned into an invalid de facto arrest. [DS 8; MIO 7-12] Second, Defendant argues that the arresting officer violated the misdemeanor arrest rule because he did not witness the suspected violation and was unnecessarily called in by another officer who was qualified to perform the investigation. [DS 8; MIO 12-15] In her memorandum in opposition, Defendant pursues the second issue under the demands of *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 12]

**Reasonable Suspicion**

In her response to our notice, Defendant concedes that the record does not lend support to her ongoing claim that her detention ripened into a de facto arrest. [MIO

7] Thus, as our analysis proceeded in our notice, in this opinion we do not examine the facts under the probable cause standard and focus on whether the officer had reasonable suspicion to detain Defendant for a DWI investigation. *See State v. Gutierrez*, 2008-NMCA-015, ¶ 13, 143 N.M. 522, 177 P.3d 1096 (noting that having rejecting the defendant's de facto arrest theory the court had to shift focus to the reasonableness of the officers' suspicion to detain the defendant).

Defendant contends that the officer did not have reasonable suspicion to extend her detention for a DWI investigation because his suspicion was based on the fact that Defendant was speeding and she smelled strongly like alcohol. [DS 4, 8; MIO 8-12] Defendant argues that, other than speeding, the officer observed nothing in Defendant's appearance or behavior that suggested she was impaired by alcohol, and that the only commonly observed sign of impairment that the officer articulated was the smell of alcohol. [MIO 8] Quoting an online article, Defendant asserts that "[t]here is a very poor correlation between the strength of the smell of alcohol on the breath and the blood alcohol concentration." [Id.] Defendant gives us no indication that this online article was introduced as evidence below, and therefore, it does not present a matter for our review. *See State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 ("Matters not of record present no issue for review."); *In Re Aaron L.*, 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431 ("This Court will not

consider and counsel should not refer to matters not of record in their briefs.").

Defendant also asserts that based on the online version of the *Old Farmer's Almanac*, the temperature on the day at issue was in the mid-30s, and Defendant may have had the car's heater on with the window open while speaking with the officer. [MIO 8-9] Defendant contends that "[w]ith such a temperature gradient, odors from the inside would be steadily flowing out the open window for easy detection." [MIO 9] Again, Defendant gives us no indication that these matters were presented to the district court as evidence. Therefore, they present no issue for our review. *See, e.g.*, *Hunter*, 2001-NMCA-078, ¶ 18.

In addition, Defendant maintains that the New Mexico Supreme Court has held that where the defendant failed to make a proper stop and turn at an intersection, the officer lacked reasonable suspicion to expand the stop into a DWI investigation with only the officer's testimony the defendant smelled of alcohol and admitted to drinking some wine. *See City of Santa Fe v. Marquez*, 2012-NMSC-031, ¶¶ 3, 5, 10, 20, 285 P.3d 637. Defendant contends that in *Marquez*, the district court discounted all the conflicting evidence and was left with the defendant's odor of alcohol and admission to drinking, and the district court ruled that the remaining evidence was insufficient to support reasonable suspicion even with the driving infraction. [MIO 11-12] We are not persuaded that *Marquez* constitutes authority for such a contention. The

4

district court in *Marquez* treated the officer's testimony that the defendant smelled of alcohol with skepticism given that the officer's testimony was discredited in nearly all other respects by a video recording of the encounter. *See id.* ¶ 20. Therefore, the district court in *Marquez* did not believe the officer that the defendant smelled of alcohol, and on that basis, it ruled that the officer lacked reasonable suspicion to investigate for DWI. *See id.* In addition, we note that the Supreme Court in *Marquez* was not reviewing the merits of the district court's suppression ruling; rather, the Court determined that the district court's suppression order had the legal effect of an acquittal for purposes of foreclosing the city's appeal. *Id.* ¶ 28.

We continue to believe that smelling strongly of alcohol is a substantial indicator that a driver has been drinking alcohol and might be impaired by it. Such a strong indicator is substantiated where, as the facts were in this case, Defendant was observed driving twelve miles over the speed limit at 1:40 a.m. [RP 93] Further, the officer was highly experienced in DWI investigations and testified that "[up]on speaking to [Defendant] it was appearing to me that she'd been drinking . . . ." [Id.] We hold that determining the degree to which Defendant may have been impaired by alcohol was an appropriate, graduated response to the officer's observations. *State v. Funderburg*, 2008-NMSC-026, ¶ 16, 144 N.M. 37, 183 P.3d 922. Thus, for these reasons and those stated in our notice, we are not persuaded that Defendant's

detention was constitutionally unreasonable and affirm the district court's denial of Defendant's motion to suppress.

**Misdemeanor Arrest Rule**

Lastly, Defendant argues that the arresting officer violated the misdemeanor arrest rule when he did not witness the suspected violation and was unnecessarily called in by another officer who was qualified to perform the investigation. [MIO 12-15] As indicated in our notice, although Defendant attempted to reserve this issue for appeal in the plea agreement, Defendant waived this issue in metropolitan court by failing to obtain a ruling on it before the parties entered into the agreement and the metropolitan court approved it and entered judgment against her. [RP 46, 95] The failure to preserve an issue for review occurs where a defendant does not invoke a ruling from the district court, even though the defendant has reserved that issue for appeal. *See State v. Hodge*, 118 N.M. 410, 418, 882 P.2d 1, 9 (1994). Under these circumstances, only in cases where "fundamental error applies to prevent a miscarriage of justice" will we entertain such an unpreserved issue. *Id.* Our notice rejected any contention Defendant may have raised that the failure to apply the misdemeanor arrest rule was fundamental error. [CN 6] We referred Defendant to *City of Santa Fe v. Martinez*, 2010-NMSC-033, ¶ 16, 148 N.M. 708, 242 P.3d 275, for the proposition that the misdemeanor arrest rule does not apply to DWI

investigations or arrests.

In her response, Defendant contends that our refusal to address her misdemeanor arrest rule works a fundamental miscarriage of justice and argues that the Supreme Court's declaration in *Martinez* came after Defendant's arrest. [MIO 13] We believe the Supreme Court made a clarification that examined and harmonized all relevant case law, rather than pronouncing a new rule that expressly overruled the law. *See State v. Montoya*, 2011-NMCA-074, ¶ 7, 150 N.M. 415, 259 P.3d 820 (noting that even where the Supreme Court modifies New Mexico precedent it is not considered a "new rule" triggering an inquiry into its retroactive application unless "its decision is flatly inconsistent with the prior governing precedent and is an explicit overruling of an earlier holding" (internal quotation marks and citation omitted)). Regardless, we are not convinced that the police-team qualification would be inapplicable to the facts of the current case. *See State v. Lyon*, 103 N.M. 305, 308, 706 P.2d 516, 519 (Ct. App. 1985) (recognizing that the presence requirement is satisfied where there are "officers working together to combine their collective perceptions . . . even though the arresting officer does not witness all the elements of the offense"). Defendant has not demonstrated fundamental error.

For the reasons stated above and in our notice, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**TIMOTHY L. GARCIA, Judge**