This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41928**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CALVIN CASTILLOS,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Asra Elliott, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Defendant appeals his conviction for driving under the influence of liquor or drugs (DWI). [RP 164-65] We entered a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Defendant maintains that reversal is required because there was insufficient evidence of probable cause to arrest him for DWI. [MIO 4] In our proposed disposition,

we suggested that the officer had probable cause based on "the very strong odor of alcohol" emanating from Defendant, an open alcohol container in the cup holder of Defendant's vehicle, Defendant's admission to drinking, and his poor performance on the standardized field sobriety tests (SFST). *See Schuster v. N.M. Dep't of Tax'n & Revenue*, 2012-NMSC-025, ¶¶ 30-31, 283 P.3d 288 (observing that probable cause to arrest for DWI existed based on the defendant's bloodshot, watery eyes, odor of alcohol, admission to drinking, and poor performance on field sobriety tests). Defendant's MIO does not dispute that these facts establish probable cause, but instead argues an alternative interpretation of the evidence presented to the trial court. [MIO 6-8] *See State v. Jones*, 1998-NMCA-076, ¶ 9, 125 N.M. 556, 964 P.2d 117 ("Our review of factual determinations is limited to determining whether there was substantial evidence to justify a warrantless arrest."). Defendant is asking us to reweigh the evidence before the trial court to reach a different conclusion, which we decline to do. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). We therefore conclude that the trial court did not err in concluding that the arresting officer had probable cause to arrest Defendant for DWI.

{3}    Defendant also asserts that exigent circumstances did not justify his arrest. *See City of Santa Fe v. Martinez*, 2010-NMSC-033, ¶ 16, 148 N.M. 708, 242 P.3d 275 ("[T]he warrantless arrest of one suspected of committing DWI is valid when supported by both probable cause and exigent circumstances."). We note that it does not appear from the record that Defendant preserved this argument. *See State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 ("In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." (internal quotation marks and citation omitted)). Even assuming this argument was preserved, our Supreme Court has held that "[a]n on-the-scene arrest supported by probable cause will usually supply the requisite exigency." *State v. Paananen*, 2015-NMSC-031, ¶ 26, 357 P.3d 958. Because Defendant was arrested on-the-scene, we conclude the exigency requirement was satisfied in this circumstance. [RP 1]

{4}    Lastly, Defendant contends that there was insufficient evidence to support his conviction for per se DWI because the State did not establish that the Intoxylizer 8000 had been properly calibrated in the last seven days consistent with 7.33.2.14(C)(2)(b)(i) NMAC, and thus the breath alcohol test (BAT) card was inadmissible. [MIO 8-9] We review the trial court's admission of the BAT card for an abuse of discretion. *See State v. Christmas*, 2002-NMCA-020, ¶ 8, 131 N.M. 591, 40 P.3d 1035. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted).

{5}    In this case, the officer who administered the breath test testified that the Intoxylizer was "certified by the Scientific Laboratory Division on the date of the incident,

the machine was properly calibrated, and the machine appeared to be working." [MIO 10] In our proposed disposition, we relied on *State v. Martinez*, 2007-NMSC-025, 141 N.M. 713, 160 P.3d 894, and suggested this was sufficient to admit the BAT card. Defendant did not address this proposed conclusion in his MIO, and we are not persuaded that our proposed conclusion was in error. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Defendant directs us to *State v. Gutierrez*, 1996-NMCA-001, ¶ 5, 121 N.M. 191, 909 P.2d 751, for the proposition that the officer also needed to specifically testify that the breathalyzer had been calibrated in the last seven days. [MIO 10] However, that opinion does not indicate that there must be specific testimony that a breathalyzer has been calibrated in the last seven days before a BAT card can be admitted, and we believe the officer's testimony satisfied the State's burden that the Intoxylizer 8000 was properly calibrated. *See Martinez*, 2007-NMSC-025, ¶¶ 9-12. Therefore, we conclude that the trial court did not abuse its discretion in admitting the BAT card.

{6}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{7}     **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**