This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                    **NO. 32,317**

**DOROTHY CHAVEZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Violet Otero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellant

John V. Nilan, LLC
John V. Nilan
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

The State appeals from an order granting Defendant's motion to suppress. We proposed to affirm in a notice of proposed summary disposition. The State filed a memorandum in opposition, and Defendant filed a memorandum in support of our proposed disposition. After reviewing the memoranda, we remain unpersuaded by the State's arguments and thus affirm the district court's order granting the motion to suppress.

In our notice of proposed summary disposition, we proposed to affirm because the State failed to prove exigent circumstances justifying the officers' behavior in ordering Defendant from her house at gunpoint. *See State v. Nance,* 2011-NMCA-048, ¶ 18 n.1, 149 N.M. 644, 253 P.3d 934 (recognizing that "[a]n arrest outside the home can require a warrant if the defendant's exit was coerced"). A warrantless arrest at a suspect's home requires both probable cause and exigent circumstances. *See id.* ¶ 12. Exigent circumstances have been defined as "an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence." *Id.* (internal quotation marks and citation omitted); *see Chavez v. Bd. of Cnty. Comm'rs,* 2001-NMCA-065, ¶ 17, 130 N.M. 753, 31 P.3d 1027

(recognizing that law enforcement officers may not make a warrantless entry into a residence unless, "exigent circumstances have been shown indicating that immediate action is necessary to prevent imminent danger to life or serious damage to property, to forestall the imminent escape of a suspect, or to prevent the destruction of evidence" (internal quotation marks and citation omitted)).  Moreover, the exigent circumstances "must be supported by specific articulable facts" and must be known to the officers prior to entry. *State v. Duffy,* 1998-NMSC-014, ¶ 70, 126 N.M. 132, 967 P.2d 807, *overruled in part on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n. 6, 275 P.3d 110.

In its memorandum in opposition, the State makes two arguments.  First, it claims that the officers were justified in arresting Defendant without a warrant for resisting, evading, or obstructing an officer because Defendant must have been aware that Officer Alderete was attempting to stop her before she turned into her driveway and shut the garage door.  [MIO 2-3] *See* NMSA 1978, § 30-22-1 (1981) (defining the crime of resisting, evading or obstructing an officer); *cf. State v. Gutierrez*, 2007-NMSC-033, ¶ 36, 142 N.M. 1, 162 P.3d 156 (recognizing that a defendant cannot be convicted of resisting, evading, or obstructing an officer based upon the defendant's flight unless the state proves that the defendant knew the officer was trying to detain him).

3

We need not address this argument. Even if the State is correct that the officers had probable cause to arrest Defendant for resisting, evading, or obstructing an officer, in the absence of exigent circumstances, the officers were not justified in ordering Defendant from her home at gunpoint because that crime is a misdemeanor, *see* Section 30-22-1, and there was no evidence that Defendant posed a danger to life or property or a threat of escape. *See State v. Gutierrez*, 2008-NMCA-018, ¶ 17, 143 N.M. 422, 176 P.3d 1154 (recognizing that without any information that the defendant posed a threat to anyone's life or property and no indication of an emergency or violence, there was no exigency to justify the officers' warrantless entry into the defendant's home); *Chavez*, 2001-NMCA-065, ¶ 17 (recognizing that a warrantless entry into a residence requires a showing "that immediate action is necessary to prevent imminent danger to life or serious damage to property, to forestall the imminent escape of a suspect, or to prevent the destruction of evidence" (internal quotation marks and citation omitted)).

At the time the officers ordered Defendant to come out of her home at gunpoint, they only had evidence suggesting that Defendant had been speeding; there were no facts justifying a reasonable suspicion that Defendant had committed or was committing DWI or any felony. To the contrary, the officers acknowledged that before they entered Defendant's residence, there was no evidence of weapons, drugs,

or destructible evidence. [RP 59] In addition, the officers testified that there were no sounds emanating from the residence indicating that anyone was in danger of violence or harm. [RP 59]

In its memorandum in opposition, the State contends that exigent circumstances were presented because the officers were concerned that Defendant might escape. [MIO 4] We disagree.

As the State acknowledges in its memorandum in opposition, the outside of the house was secured, and officers were stationed in front and behind Defendant's house to prevent her escape. [MIO 4; RP 59] Given that Defendant drove into her driveway and shut the garage door, and given that the officers had secured the outside of Defendant's home, we are not convinced that the possibility of escape presented exigent circumstances justifying the officers' actions in ordering Defendant from her home at gunpoint.

**CONCLUSION**

For the reasons set forth above as well as those discussed in our notice of proposed summary disposition, we affirm the district court's order granting Defendant's motion to suppress.

**IT IS SO ORDERED.**

5

_____

**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**RODERICK T. KENNEDY, Judge**