This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                     **NO. 34,296**

**AMANDA FLORES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Hector H. Balderas, Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appealed from the district court's denial of her motion to suppress

following her reservation of the right to appeal this issue pursuant to her conditional plea. On appeal, Defendant contends that the district court erred in its conclusion that officers' entry into her home was justified under an exception to the warrant requirement. This Court issued a calendar notice proposing to reverse and the State has responded by filing a memorandum in opposition. Having given due consideration to the arguments made by the State, we reverse and remand to the district court.

{2}    In this Court's calendar notice, we pointed out that "[t]he emergency aid doctrine applies to . . . warrantless intrusions into personal residences[,]" and that "only a genuine emergency will justify entering and searching a home without a warrant and without consent or knowledge." *State v. Ryon*, 2005-NMSC-005, ¶¶ 25-26, 137 N.M. 174, 108 P.3d 132. Thus, as we pointed out in our calendar notice, "officers must have credible and specific information that a victim is very likely to be located at a particular place and in need of immediate aid to avoid great bodily harm or death." *Id.* ¶ 42. We proposed to conclude that, based on the facts of this case, the officers only possessed a generalized, nonspecific suspicion that Defendant or her child were injured and that this was insufficient to justify a warrantless entry into Defendant's home. *See id.* ¶¶ 29, 43.

{3}    In response, the State asserts that both Defendant's sister and her partner were concerned by Defendant's behavior, and that damage to Defendant's vehicle indicated

that she or her child may have been injured in the accident. [MIO 9-10] However, the evidence the State relies on, again, amounts to no more than speculation and generalized concern. Although Defendant's car exhibited signs of a recent accident, the neighbor that reported Defendant provided no indication that either Defendant or her child were injured in any way. While it may be reasonable for the police to be concerned for Defendant's and her child's welfare, as we stated in our notice, generalized concern is insufficient to support warrantless entry into a residence. Viewing the evidence in the light most favorable to the district court's ruling, the evidence in this case does not support a conclusion that Defendant or her child was "very likely" in need of "immediate aid to avoid great bodily harm or death." *Ryon*, 2005-NMSC-005, ¶ 42. In addition, we note that some of the officers' concern should have dissipated when officers saw Defendant pushing against the door to try and bar their entry. *Cf. State v. Figueroa*, 2010-NMCA-048, ¶ 23, 148 N.M. 811, 242 P.3d 378 (stating that "[r]easonable suspicion is measured by the totality of the circumstances" and that when an initial suspicion is dispelled a continued detention or frisk is impermissible (internal quotation marks and citations omitted)).

{4}     Moreover, to the extent the State asserts that entry was consensual because Defendant's partner provided officers with the key and permission to enter, this argument is unpersuasive. When officers opened the door the second time and saw

Defendant pushing against the door to attempt to bar their entry, any consent provided by Defendant's partner was overridden by Defendant. *See generally State v. Janzen*, 2007-NMCA-134, ¶ 8, 142 N.M. 638, 168 P.3d 768 (discussing *Georgia v. Randolph*, 547 U.S. 103 (2006), and its holding "that a warrantless search of a shared dwelling . . . over the express refusal of consent by a physically present resident cannot be justified as reasonable as to him on the basis of consent given to the police by another resident"). We therefore conclude that the officers' warrantless entry into Defendant's home was neither consensual nor justified under the emergency aid doctrine.

**{5}** The State contends that this Court can still affirm the district court's denial of Defendant's motion to suppress based on exigent circumstances under a right-for-any-reason analysis—specifically, that exigent circumstances existed based on the dissipation of alcohol. [MIO 14 (citing *State v. Nance,* 2011-NMCA-048, 149 N.M. 644, 253 P.3d 934)] An appellate court may affirm a trial court's ruling on a ground that was not relied on below if reliance on the new ground would not be unfair to the appellant. *Meiboom v. Watson*, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154 ("This Court may affirm a district court ruling on a ground not relied upon by the district court, but will not do so if reliance on the new ground would be unfair to appellant." (alteration, internal quotation marks, and citation omitted)). "Under the right for any reason doctrine, we may affirm the district court's order on grounds not

relied upon by the district court if those grounds do not require us to look beyond the factual allegations that were raised and considered below." *State v. Vargas*, 2008-NMSC-019, ¶ 8, 143 N.M. 692, 181 P.3d 684 (internal quotation marks and citation omitted).

{6} We note that, in the present case, no written findings of fact were entered to support the district court's conclusion under the emergency aid doctrine. Generally, where we have no written findings on which to rely, we will draw all inferences and indulge all presumptions in favor of the district court's ruling. *See State v. Nysus*, 2001-NMCA-102, ¶ 18, 131 N.M. 338, 35 P.3d 993 ("On appeal, we look to whether the law was correctly applied to the facts and review the evidence in the light most favorable to support the decision reached below, resolving all conflicts and indulging all inferences in support of that decision."). However, here, the district court's ruling was that officers were justified in entering the home under the emergency aid doctrine. Given that there are no factual findings in this case, we conclude that it would be unfair to indulge in inferences and presumptions to support a conclusion that the district court never actually reached. We, therefore, decline the State's request that we analyze this issue to see if entry was permitted based on exigent circumstances. Instead, we remand this matter to the district court for such a determination.

{7}     For the reasons stated above and in this Court's notice of proposed disposition, we reverse the district court's denial of Defendant's motion to suppress on the grounds that the emergency aid doctrine applies, and remand for consideration of the State's alternate argument.

{8}     **IT IS SO ORDERED.**

                               _____

                               **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**M. MONICA ZAMORA, Judge**