This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38109**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RANDALL KEITH PRUITT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**     Defendant Randall Pruitt appeals his convictions for driving under the influence (DUI), leaving the scene of an accident, and failure to control speed or use due care on four grounds: (1) the seizure of his person was unlawful because police entered his home without a warrant; (2) the jury instruction for leaving the scene of an accident resulted in fundamental error; (3) the district court judge failed to recuse himself; and (4) the State's toxicology expert testified outside the scope of her expertise. Because we agree with Defendant's first two claims of error, we reverse his convictions for DUI and

leaving the scene of an accident and therefore, we need not reach his fourth claim. We reject Defendant's claim that the district court judge abused his discretion by failing to recuse himself.

## BACKGROUND

**{2}**     Late one evening, Defendant was driving home in a SUV from his used car dealership. As he approached his driveway, he crashed his SUV into the SUV of his neighbor, Ronna Mares. Mares heard the crash and went outside, where she saw Defendant climbing out of the passenger side of his vehicle. Mares immediately recognized him. Mares asked Defendant whether he was injured, which he denied, and she observed him to be moving slowly. Defendant then retreated into his home without providing insurance information or waiting for police to arrive.

**{3}**     After officers arrived, they attempted to make contact with Defendant by knocking on his door for approximately seven and a half minutes. Eventually, Defendant came to the door and the officers requested that he come out of his home. Officer Tim Orum did not note any signs of impairment except that Defendant was moving and speaking slowly, nor did he suspect that Defendant had been driving under the influence. Defendant did not come out of the house, so Officer Orum reached through the doorway and grabbed Defendant's arm. Defendant pulled away, and Officer Orum reached further inside and grabbed Defendant, pulling him by the jacket outside onto the porch. Defendant agreed to perform standardized field sobriety tests, which he did not successfully complete. Officer Orum obtained a search warrant for Defendant's blood, which revealed the presence of cocaine and a benzodiazepine.

**{4}**     Defendant was ultimately charged by criminal information with driving under the influence, contrary to NMSA 1978, Section 66-8-102(A) (2016), failure to control speed or use due care, contrary to NMSA 1978, Section 66-7-301(B) (2015), leaving the scene of an accident, contrary to NMSA 1978, Section 66-7-202 (1978), and failure to give notice of an accident under NMSA 1978, Section 66-7-206 (1991, amended 2021). A jury convicted Defendant on the first three charges, but acquitted on the charge of failure to give notice of an accident. Defendant appeals.

## DISCUSSION

### I.     The Officer's Seizure of Defendant Was Unlawful

**{5}**     Defendant argues Officer Orum's warrantless entry into his home violated his right to be free from an unreasonable seizure under the Fourth Amendment of the United States Constitution and Article II, Section 10 of the New Mexico Constitution, and that the district court erred in denying his motion to suppress all evidence collected after he was seized. Appellate review of a motion to suppress presents a mixed question of fact and law. *State v. Vandenberg*, 2003-NMSC-030, ¶ 17, 134 N.M. 566, 81 P.3d 19. We review the facts under a substantial evidence standard and apply a de novo review

to the district court's application of the law to the facts. *State v. Pierce*, 2003-NMCA-117, ¶ 8, 134 N.M. 388, 77 P.3d 292.

**{6}** "Because the physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed, warrantless home entries are ordinarily presumed unreasonable." *State v. Nance*, 2011-NMCA-048, ¶ 18, 149 N.M. 644, 253 P.3d 934 (alteration, internal quotation marks, and citation omitted). There are exceptions to this general rule, and a warrantless entry into a home may be valid when supported by both probable cause and exigent circumstances. *Id.* ¶ 12; *see also Payton v. New York*, 445 U.S. 573, 590 (holding that the "Fourth Amendment [draws] a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant"). Exigent circumstances include "an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence." *State v. Gomez*, 1997-NMSC-006, ¶ 39, 122 N.M. 777, 932 P.2d 1 (internal quotation marks and citation omitted).

**{7}** The State attempts to justify Officer Orum's warrantless entry into Defendant's home based on probable cause and exigent circumstance. Defendant argues that there were no exigent circumstances in this case to justify the warrantless entry. The district court found that "entry into the home to bring [Defendant] out onto the porch was justified by exigent circumstances related to the possible dissipation of alcohol in his body" and that the "[o]fficers obviously could not allow him to go back inside and come back out for safety reasons." The district court concluded that "[u]nder the language in *Nance*, . . . the intrusion into the home and seizure of [Defendant] was de minimus, and tailored to the exigency in this case: the dissipation of evidence and safety concerns."

**{8}** While this Court has clarified that the dissipation of alcohol does not automatically justify a warrantless entry into a home, we do recognize that it is a factor to consider in determining the existence of exigent circumstances. *Nance*, 2011-NMCA-048, ¶¶ 18, 22-23. Regardless, we agree with Defendant that there was no evidence supporting that exigency in this case when Officer Orum crossed the threshold to pull Defendant out of his home. At the hearing on Defendant's motion to suppress, Officer Orum was the sole witness. He testified unequivocally that at the time that he entered and removed Defendant from his home, he did not suspect Defendant of driving under the influence:

| Defense Counsel: | But prior to pulling him out you didn't suspect him of a DUI at that time? |
|---|---|
| Officer Orum: | Not a DUI, just the crash. |
| Defense Counsel: | So possible reckless driving, careless driving, leaving the scene. |
| Officer Orum: | Yes. |

Officer Orum testified consistently with these statements at trial. *See State v. Martinez*, 1980-NMSC-066, ¶¶ 8, 15-16, 94 N.M. 436, 612 P.2d 228. Given this, and because exigent circumstances are measured objectively based on facts known to the officer at the time of entry, *State v. Attaway*, 1994-NMSC-011, ¶¶ 27-28, 117 N.M. 141, 870 P.2d 103, we must conclude there was insufficient evidence to support the district court's finding of "exigent circumstances related to the possible dissipation of alcohol."

**{9}** Likewise, Officer Orum did not articulate any concern about his own safety or that of another person, much less an "emergency situation requiring swift action to prevent imminent danger to life." *Nance*, 2011-NMCA-048, ¶ 12. We therefore conclude there was insufficient evidence to support the district court's secondary finding that safety concerns justified the warrantless entry in this case. Accordingly, because the State did not demonstrate by substantial evidence that there were articulable exigent circumstances that justified a warrantless entry into Defendant's home to seize him, we reverse the district court's suppression order and hold that evidence collected after the warrantless seizure must be suppressed.[1] As a consequence, Defendant's DUI conviction must be reversed.[2]

## II. The Jury Instruction for Leaving the Scene of an Accident Resulted in Fundamental Error

**{10}** Defendant argues that the jury instruction for the charge of leaving the scene of an accident resulted in fundamental error. We agree.

**{11}** "The propriety of the jury instructions given by the district court is a mixed question of law and fact requiring de novo review." *State v. Candelaria*, 2019-NMSC-004, ¶ 31, 434 P.3d 297. Because Defendant did not preserve his argument by objecting to the jury instruction at trial, we review for fundamental error, which involves two steps. *State v. Barber*, 2004-NMSC-019, ¶ 8, 135 N.M. 621, 92 P.3d 633. First, we seek to determine "whether a reasonable juror would have been confused or misdirected by the jury instruction." *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (internal quotation marks and citation omitted). "Juror confusion or misdirection may stem from instructions which, through omission or misstatement, fail to provide the juror with an accurate rendition of the relevant law." *State v. Anderson*, 2016-NMCA-007, ¶ 9, 364 P.3d 306 (internal quotation marks and citation omitted). "If we conclude that the instruction[ was] erroneous, we proceed to the second step,

---

[1] In light of our holding on this issue, we need not reach Defendant's unpreserved argument that the State's toxicology expert testified beyond the scope of her expertise regarding Defendant's performance on the field sobriety tests.

[2] As for Defendant's other two convictions, Defendant has not argued that the improperly-admitted evidence was harmful as to those convictions, nor is it readily apparent how it might be. *See State v. Holly*, 2009-NMSC-004, ¶ 28, 145 N.M. 513, 201 P.3d 844 ("Initially, the defendant has the burden to demonstrate prejudice [for a constitutional violation]. . . . If the defendant meets this burden, the burden then shifts to the [s]tate to show that the error was harmless beyond a reasonable doubt." (citations omitted)); *State v. Cain*, 2019-NMCA-059, ¶ 23, 450 P.3d 452 ("We will not review unclear arguments, or guess at what a party's arguments might be." (internal quotation marks and citation omitted)). We therefore do not reverse these convictions on this basis.

asking whether the error is fundamental." *State v. Ocon*, 2021-NMCA-032, ¶ 8, 493 P.3d 448. "The doctrine of fundamental error applies only under exceptional circumstances and only to prevent a miscarriage of justice." *Barber*, 2004-NMSC-019, ¶ 8.

**{12}** Turning to the first step, there are no uniform jury instructions for the misdemeanor offense of leaving the scene of an accident involving damage to a vehicle under Section 66-7-202. *See State v. Hertzog*, 2020-NMCA-031, ¶ 9, 464 P.3d 1090. Therefore, the district court is required to provide instructions that "substantially follow[] the language of the statute in order to be deemed to be sufficient." *State v. Luna*, 2018-NMCA-025, ¶ 21, 458 P.3d 457 (internal quotation marks and citation omitted). The statutory language governing this offense states in relevant part:

> The driver of any vehicle involved in an accident resulting only in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of such accident until he has fulfilled the requirements of [NMSA 1978, Section 66-7-203 (1978)] [(requiring, in relevant part, that the driver give his name, address, and the registration number of the vehicle he is driving, and if requested, his driver's license)].

Section 66-7-202.

**{13}** The jury was instructed that to find Defendant guilty of leaving the scene of an accident, the State must prove:

1. [D]efendant operated a motor vehicle involved in an accident resulting in damage to a vehicle;

2. [D]efendant failed to immediately stop at the scene of such accident *or remain at the scene until the matter was properly reported*;

3. This happened in New Mexico on or about December 31, 2017.

(Emphases added.)

**{14}** We detect two problems with the given instruction. First, as this Court recently held, "a defendant is not required to remain at the scene of an accident under all circumstances—a requirement the instruction in this case directly suggests[.]" *State v. Montelongo-Esparza*, 2020-NMCA-050, ¶ 13, 475 P.3d 815 (noting that a defendant must only remain on scene long enough to comply with the requirements of Section 66-7-203). Second, nothing in Sections 66-7-202 or -203 requires that a person involved in an accident remain on-scene until the matter is "properly reported." Given these deficiencies, we conclude that this instruction, through misstatement, failed to provide the jurors with an accurate rendition of the law.

**{15}** Turning to the second step of our analysis, where, as here, the trial court fails to instruct the jury on an essential element, fundamental error generally occurs. *State v. Lucero*, 2017-NMSC-008, ¶ 27, 389 P.3d 1039. "We will only affirm a case in which the trial court failed to instruct the jury on an essential element when, under the facts adduced at trial, that omitted element was undisputed and indisputable, and no rational jury could have concluded otherwise." *State v. Lopez*, 1996-NMSC-036, ¶ 13, 122 N.M. 63, 920 P.2d 1017 (internal quotation marks and citation omitted). Given that the parties were familiar with each other, lived next door to one another, and Defendant claimed that the vehicle registration number was readily available on the car he had borrowed from his dealership, we cannot say that the elements were "undisputed and indisputable." We therefore conclude that fundamental error occurred and Defendant's conviction for leaving the scene of an accident must be reversed.

### III.    The District Court Judge Did Not Abuse His Discretion in Refusing to Recuse Himself

**{16}** Defendant also argues that the district court judge was required to recuse himself because, he asserts, the judge served as a prosecutor on Defendant's prior DUI cases. We perceive no abuse of discretion.

**{17}** Rule 5-106(H) NMRA states, "No district judge shall sit in any action in which the judge's impartiality may reasonably be questioned[.]" Recusal is reserved for compelling constitutional, statutory, or ethical reasons because a judge has a duty "to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *State v. Hernandez*, 1993-NMSC-007, ¶ 43, 115 N.M. 6, 846 P.2d 312 (emphases, internal quotation marks, and citation omitted). Whether a district court judge should recuse themselves where their "impartiality might reasonably be questioned places disqualification within the conscience and discretion of the judge." *State v. Harris*, 1997-NMCA-119, ¶ 14, 124 N.M. 293, 959 P.2d 1190. In order to require recusal, any bias by the judge must be of a personal nature against the defendant. *Hernandez*, 1993-NMSC-007, ¶ 44. Personal bias cannot be inferred from adverse rulings or the enforcement of the rules of criminal procedure. *Id*.

**{18}** Defendant relies on Rule 21-211(A)(5)(a) and (A)(5)(b) NMRA, which respectively state that a judge must recuse himself where the judge "served as a lawyer in *the matter* in controversy," or "served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning *the proceeding*[.]" (Emphases added.) Neither rule applies here for the simple reason that the district court judge did not serve as a lawyer or government official in the proceeding at bar.

**{19}** Defendant offered no facts to support a conclusion that the district court judge was partial in this case or personally biased against Defendant. Rather, he makes the conclusory argument that because the district court judge served as a prosecutor in Defendant's prior cases, he was required to recuse himself because of the alleged appearance of impartiality. *See State v. Trujillo*, 2009-NMCA-128, ¶ 10, 147 N.M. 334,

222 P.3d 1040 ("[T]he fact that no objective evidence of bias on the part of the court was presented indicated that there was no impropriety for the court to remain on the case."). Additionally, given Defendant waited until after receiving an adverse ruling on his suppression motion to request the district court judge recuse himself, we would be hard pressed to find error here. *See Hernandez*, 1993-NMSC-007, ¶ 44 ("Because [the d]efendant did not think that recusal of the trial judge was necessary until after an adverse ruling, we hold that the trial judge did not abuse his discretion by declining to recuse himself."); *cf.* Rule 21-211(C) (providing that, absent actual personal bias or prejudice, a party may waive disqualification of a judge).

{20}    For all these reasons, we conclude that the district court judge did not abuse his discretion in refusing to recuse himself.

**CONCLUSION**

{21}    For the reasons outlined above, we reverse the district court's order denying Defendant's motion to suppress evidence stemming from his unlawful seizure and, as a result, reverse Defendant's DUI conviction. We also reverse Defendant's conviction for leaving the scene of an accident due to fundamental error with the jury instruction. We affirm Defendant's conviction for failure to control speed or use due care. Accordingly, we remand for a retrial on the DUI and leaving the scene of an accident charges.

**{22}    IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**